UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELLY LYNN TRUMAN,

Plaintiff,

v.

DAVID LONGORIA,

Defendant.

CASE NO. 3:26-cv-06128-BHS

ORDER

This matter is before the Court on pro se plaintiff Shelly Truman's motion for leave to proceed *in forma pauperis* (IFP), Dkt. 1, and motion for a temporary restraining order (TRO), Dkt. 2.

Truman alleges that defendant David Longoria fraudulently acquired title to her homes in Port Townsend, Washington and Tonopah, Nevada. She further alleges that Longoria used the fraudulently obtained Washington deed to evict her from her property. She asserts claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and claims for wire fraud, aggravated identity theft, and money laundering.

In her motion for TRO, Truman challenges the Jefferson County Superior Court order, *MHO Solutions, LLC v. Shelly Truman*, No. 26-2-0058-16, authorizing the

Sheriff's Office to evict her from her home. Dkt. 2 at 2. She also asks the Court to enjoin all proceedings in a second Jefferson County Superior Court case, the "original fraud action," *Truman v. Longoria*, No. 25-2-00158-16. *Id.*

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted[.]" *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colls.*, 655

F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court cannot, and will not, grant Truman the relief she seeks in a TRO. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal."[1] *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Moreover, Truman has also not shown that she

[1] Truman's challenge to her state court judgments is more appropriately pursued through the state appellate process, not in federal district court.

meets the requirements for a TRO. It is unlikely she would succeed on the merits of any of her claims.

The claims in her proposed complaint are also not plausible. The complaint does not allege facts allowing the Court to draw reasonable inferences that the defendant is liable for the alleged misconduct. It is not enough to simply assert that the defendant has caused harm without adequately explaining what facts support those claims.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Because Truman has not stated a plausible claim, she has not established that she is likely to succeed on the merits of her claims. Her motion for a TRO, Dkt. 2, is **DENIED**.

Truman's motion for leave to proceed IFP, Dkt. 1, is therefore also **DENIED**. She may pay the filing fee or file an amended complaint within 21 days of this Order, or this matter will be dismissed.

Dated this 18th day of September, 2026.

BENJAMIN H. SETTLE
United States District Judge