UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELLY LYNN TRUMAN,<br>Plaintiff,<br>v.<br>DAVID LONGORIA,<br>Defendant. | CASE NO. 3:26-cv-06128-BHS<br>ORDER |

THIS MATTER is before the Court on its review of pro se plaintiff Shelly Lynn Truman's amended complaint, Dkt. 8, filed in support of her application to proceed *in forma pauperis*. The Court declined to serve her prior complaint (and denied her motion for a temporary restraining order) because she had failed to state a plausible claim and because most of her claims asked the Court to reverse, restrain, or otherwise interfere with underlying ongoing state court litigation over the same or similar subject matter. Dkt. 4.

The Court ordered her to file such an amended pleading by October 9. Truman filed a 25-page complaint and about 200 additional pages of exhibits, and "proposed" additional amended pleadings and motions, on October 16. Dkt. 8.

The Court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Unfortunately, Truman's amended complaint suffers from the same defects, and it does not allege facts allowing the Court to draw the reasonable inference that defendant Longoria is liable to her for the misconduct she alleges. It names only two defendants,

David Longoria and MHO Solutions LLC, but its lengthy narrative also references various other private individuals and companies as defendants. It is difficult to follow, and it includes references to other civil and criminal cases in this and other jurisdictions that may have some connection to her claims here. Dkt. 8 at 22–24.

Truman's core contention appears to be that defendant Longoria "stole" her Port Townsend home through a fraudulent or otherwise illegal or ineffective deed, and then encumbered it with a lien securing a loan. Truman claims she did not receive the loan proceeds, and asks the Court to quiet title in her name. She has identified no basis for the Court's subject matter jurisdiction over this transaction, and none is apparent. She does not identify or assert any specific claims, though she references several state laws.

Truman's filings identify and seem to rely on numerous other federal and state court cases apparently involving the same subject matter. She appears to ask this Court to correct or otherwise influence those cases. The Court's prior Order explained that it cannot do so. Dkt. 4 at 3.

Truman also asserts she has been the victim of various crimes here and in Nevada, and perhaps California. But she uses the passive voice: "My mail has been forwarded, stolen and tampered with[.]" Dkt. 8 at 16. Many of her other allegations are purely conclusory: "Longoria faxed my mortgage company and criminally inserted his name onto my financial documents." *Id*. at 17. Her other allegations appear to be inconsistent with the claim her home was stolen; she concedes she took out a Home Equity Line of Credit (HELOC), but she contends Longoria and others "coerced her" into obtaining it.

*Id*. at 20. She asks the Court to "rescind" this loan, but does not plead facts or any legal claim supporting that conclusion. *Id*.

Truman asks the Court to restrain defendants and their agents from enforcing the fraudulent deed of trust or otherwise encumbering or selling her property, to quiet title in her name, to rescind the fraudulent HELOC, order restitution and damages, and to protect her from retaliatory litigation. Dkt. 8 at 25.

Truman has not pled facts allowing the Court to draw the reasonable inference that she is entitled to any of this relief, and she has not asserted any legal claim invoking this Court's subject matter jurisdiction. She is not entitled to proceed *in forma pauperis*.

Truman's *in forma pauperis* status is **REVOKED**, and this matter is **DISMISSED** without prejudice and without leave to further amend. All pending or proposed motions are **DENIED** as moot.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge